IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERENCE B. SMITH, : | |
| : | |
|    Petitioner, : | |
| : | Case No. 5:08-cr-62 (CAR) |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
|    Respondent. : | |
| _____ : | |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon due consideration, it plainly appears from the Motion and from the record of prior proceedings that Petitioner is not entitled to relief.

Initially, the Court observes that Petitioner's Motion is barred by the statute of limitations set forth at 28 U.S.C. § 2255(f). Judgment was entered in Petitioner's case on April 14, 2009, after Petitioner entered a plea of guilty to one count of using a communication facility to commit a drug offense in violation of 21 U.S.C. § 843(b). Petitioner did not appeal from the judgment. As such, Petitioner's conviction became final on April 24, 2009, when his time for filing a notice of appeal expired under Rule 4(b)(1) of the Federal Rules of Appellate Procedure. The present Motion was filed on March 19, 2012, nearly three years after the conviction became final. Petitioner has not shown or indicated that government action impeded his ability to make his motion, that any right has been newly recognized by the United States Supreme Court and made retroactively applicable

1

to cases on collateral review, or that any new facts have been discovered that could not previously have been discovered through the exercise of due diligence. As such, his Motion is untimely.

The Court further notes that Petitioner's Motion fails to state any grounds for relief. Petitioner contends that his conviction is void because the "'United States' has no territorial jurisdiction over non-federally owned areas inside the territorial jurisdiction of the United States within the American Union." Petition 2. Petitioner further argues that the statute under which he was convicted is outside the enumerated powers of Congress and in violation of the Tenth Amendment of the United States Constitution. Courts have repeatedly affirmed that Congress' enactment of the Controlled Substances Act is authorized under the Commerce Clause of Article I, Section 8. See United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997) ("The illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has the authority under the Commerce Clause to criminalize and punish drug-related activity."). See also, Gonzales v. Raich, 545 U.S. 1 (2005). As such, Petitioner's claims for relief have no basis in law and are without merit.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's Motion be **DENIED**.

This the 23rd day of March, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2